Kevin MURPHY, Plaintiff—Appellant,

v.

Robert SHAW, Unit Sergeant; Larry Bearley, Hearings Officer; Michael Mahoney, Bureau Warden; Myron Beeson, Bureau Warden; and Richard S. Day, Director Dept. of Corrections, Defendants—Appellees.

No. 01–35808.

D.C. No. CV–95–62–H–CCL.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2002.*

Decided Oct. 22, 2002.

---

\* The panel unanimously finds this case suitable for submission without oral argument. Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, REINHARDT, and THOMAS, Circuit Judges.

MEMORANDUM**

Kevin Murphy ("Murphy"), an inmate law clerk incarcerated at the Montana State Prison ("Prison"), filed this suit under 42 U.S.C. § 1983, alleging violations of his First Amendment and due process rights. Specifically, he claims that discipline imposed by the Prison, taken in response to a letter he wrote to a fellow inmate, violated the First Amendment, abridged his right of access to the courts, and relied upon prison regulations that are void for vagueness on their face and as applied.

The district court granted summary judgment in favor of the Prison on each of Murphy's claims. We reversed, and directed that summary judgment be entered in Murphy's favor on his First Amendment claims. *See Murphy v. Shaw,* 195 F.3d 1121, 1128 (9th Cir.1999). The Supreme Court in turn reversed, "only[ ] decid[ing]" that prisoners do not possess a free standing First Amendment right to provide legal assistance to fellow inmates that enhances the protections otherwise available under *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). *Shaw v. Murphy,* 532 U.S. 223, 225, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001). The Court left open the question "whether the prison regulations, as applied to Murphy, are 'reasonably related to legitimate penological interests,'" *id.* at 232 (citing *Turner,* 482 U.S. at 89), and remanded.

Upon remand from the Court, we then remanded to the district court to determine, in light of the Court's ruling, whether the Prison regulations at issue satisfied the requirements set forth in *Turner,* or were vague and overbroad as applied to Murphy. *See Murphy v. Shaw,* 253 F.3d 1151 (9th Cir.2001). The district court held that the regulations were reasonably related to legitimate penological interests, and were neither void for vagueness nor overbroad as applied. *Murphy v. Shaw,* No. CV 95–62–H–CCL (D.Mont. Jul. 23, 2001) (order granting summary judgment).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Accordingly, the court entered summary judgment for the defendants.

Murphy now appeals the district court's grant of summary judgment. We directed the parties to advise the Court as to whether the case is now moot, a question we should have asked in 1999. We conclude that all of Murphy's claims are moot or unripe. Accordingly, we hereby vacate the decision of the district court and remand with instructions to dismiss the case.

## I. FACTS AND PROCEDURAL HISTORY

The facts of this case are set forth, in full, in our previous opinion. *Murphy,* 195 F.3d at 1123–24.

In brief, Murphy, an inmate law clerk, was disciplined for writing a letter to an inmate held in maximum security. The letter offered legal advice, and contained highly derogatory comments concerning a prison guard. A hearings officer at the prison found Murphy guilty of violating two rules: Rule 009 and Rule 022. Rule 009 proscribes "insolence," defined as "[w]ords, actions or other behavior which is intended to harass or cause alarm in an employee"; examples are "[c]ursing; abusive language, writing, or gestures directed to an employee." Rule 022 forbids "interference with due process hearings," described as follows:

> Intimidating or tampering with an informant or witness; tampering with or destroying evidence; interfering with an employee in the process of writing a conduct report; making a false statement of misconduct against another inmate or staff which could result in a disciplinary action. (This violation should not be charged for as a retaliation for the writing of a grievance.)

As a result, Murphy was given a suspended sentence of ten days' detention and received three "reclassification points."

Murphy filed the present complaint on October 24, 1995. He seeks only declaratory and injunctive relief. On September 11, 1996, while this suit was pending, Murphy was discharged from the Prison, with no parole time to serve. Summary judgment was granted to the Prison officials on September 10, 1997, and Murphy filed his Notice of Appeal to this Court on October 23, 1997.

On December 12, 1997, Murphy was returned to the Prison on new convictions. Two significant changes in Prison policy occurred around this time: In 1997, the prison terminated the inmate law clerk program; and, in 1998, the Prison changed its inmate correspondence policy to bar all correspondence between inmates. Currently, Murphy remains incarcerated in the Montana prison system, but the new prison regulations do not allow him to serve as an inmate law clerk or to correspond with other inmates.

At this stage, Murphy presents two issues for review that are moot or unripe. He claims that the district court erred in awarding summary judgment to the defendants as to their alleged violations of Murphy's First Amendment right to free speech—a claim grounded on the unconstitutionality of the application of regulations that no longer exist. Murphy also argues that Rule 009, forbidding "insolence," is unconstitutionally vague as applied to him because the Prison has interpreted it to encompass conduct not clearly proscribed by the language of the rules.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and now vacate the district court opinion and remand with instructions to dismiss the case.

## II. ANALYSIS

In *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), the Supreme Court observed that, once a convict's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *See also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (noting that the case-or-controversy requirement for Article III standing "subsists through all stages of federal judicial proceedings, trial and appellate. To sustain our jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed, or when review was obtained in the Court of Appeals. The parties must continue to have a 'personal stake in the outcome' of the lawsuit.") (internal citations omitted); *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (same).

Here, we find such "collateral consequences" to be entirely lacking at this stage of the litigation. Murphy is seeking declaratory and injunctive relief only, and he is seeking relief solely as to Prison policies that no longer exist or that have been drastically modified. Nor, as Appellees point out, does Murphy's claim fall into the category of cases that are "capable of repetition, yet evading review." *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir.1995). In *Dilley*, this Court held that "[t]his exception to the mootness doctrine applies when (1) the challenged action is too short in duration to be fully litigated

prior to its expiration and (2) there is a reasonable expectation that the injury will occur again." *Id.* Here, however, in light of the changes in Prison policy, there is no reason to think that Murphy should attempt to engage in the same kind of conduct, which is now prohibited. He may no longer serve as an inmate law clerk or correspond with other inmates at all.

Insofar as Murphy argues that he is still subject to the disciplinary rules on insolence and interference with due process hearings, we find that any claims he seeks to raise based on his current incarceration are unripe. In *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), the Supreme Court explained that the ripeness doctrine serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1982) (holding that § 1983 plaintiff who had been subjected to a police "chokehold" did not present a case or controversy that would sustain claim for injunctive relief predicated on future applications of the "chokehold" policy).[1]

Here, quite simply, there is nothing to adjudicate. This is not a case where, as in *Abbott Laboratories*, the plaintiff is presented with a choice between foregoing potentially lawful behavior and risking prosecution, since it is now clear under the

---

1. In *Lyons*, the Court, like the court of appeals below, addressed the viability of Lyons's complaint in terms of the case-or-controversy requirement for Article III standing rather than ripeness. 461 U.S. at 107. As one commentator has observed, there is an "obvious overlap" between the doctrines of standing and ripeness. Erwin Chemerinsky, *Federal*

*Jurisdiction* § 2.4.1 (3d ed. 1999). In this case, Murphy's claim is equally amenable to analysis under standing doctrine, but the result would be the same: At this stage, Murphy does not have standing to challenge the application of the new rules against him *because* they have not yet been applied to his conduct.

*new* prison policy—even if it was not under the old—that Murphy's conduct, if performed today, is prohibited.[2] Accordingly, we find that, insofar as Murphy's claims at this time are premised on his conduct in his prior incarceration, they are moot, and insofar as they rest on his current incarceration, they are unripe.

### III. CONCLUSION

For the foregoing reasons, we find that all of Murphy's claims are now moot or unripe. In accordance with the doctrine set forth in *United States v. Munsingwear,* 340 U.S. 36, 39–40, 71 S.Ct. 104, 95 L.Ed. 36 (1950), the district court's Order granting summary judgment to the defendants is hereby vacated, and the case is remanded to the district court with instructions to dismiss.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

**2.** Any challenge to current regulations would require a new action based on a new violation by Murphy. We do not speculate as to what the future may bring.